**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4262**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DAVON TAYLOR,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00349-WO-1)

Submitted:  January 31, 2019                          Decided:  February 6, 2019

Before DUNCAN and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Kelley Patricia Kennedy Gates, Special Assistant United States Attorney, Michael Francis Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Davon Taylor pled guilty, pursuant to a written plea agreement, to possession of ammunition by a convicted felon, in violation of 21 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Taylor to 18 months' imprisonment, the middle of the 15- to 21-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Taylor's sentence is reasonable. Although advised of his right to do so, Taylor has not filed a pro se supplemental brief. The Government declined to file a brief. After a thorough review of the record, we affirm.

We review Taylor's sentence for procedural and substantive reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 208 (2017). First, we "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

If there is no procedural error, we must also consider the substantive reasonableness of Taylor's sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d

370, 383 (4th Cir. 2014) (internal quotation marks omitted). "Any sentence that is within . . . a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Here, the district court correctly calculated Taylor's advisory Guidelines range, heard argument from counsel, provided Taylor an opportunity to allocute, and considered the § 3553(a) sentencing factors. Taylor asserted that he possessed the ammunition as a prop for his community outreach events and requested a non-custodial probationary sentence. The district court found, however, that Taylor possessed the ammunition in connection with his possession and discharge of a firearm. We discern no clear error in this factual determination. *See United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1179 (2018). Additionally, we conclude that Taylor's within-Guidelines sentence is both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court. In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Taylor, in writing, of the right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Taylor. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*